**NOT FOR PUBLICATION**

JUN 28 2012

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TOM STULL, an individual,

       Plaintiff-counter-defendant - Appellant/Cross-Appellee,

  v.

MICHAEL FOX, an individual,

       Defendant-counter-claimant - Appellee/Cross-Appellant.

Nos. 10-56940 and 10-57044

D.C. No. 2:09-cv-06081-R-VBK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted June 6, 2012
Pasadena, California

Before: B. FLETCHER, WARDLAW, and BYBEE, Circuit Judges.

Tom Stull brought suit to recover advances that he made to Michael Fox as

part of a land development venture that Stull entered into with Fox and a third

partner, Kevin Beer. Fox counterclaimed, arguing that Stull breached their

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

partnership agreement. The district court entered judgment for Fox, finding that there was a partnership agreement, which Stull breached. The court ordered the partnership wound up, Stull to be repaid his advances, "plus 10% interest," and any remaining amounts to be apportioned according to each partner's interest. In response to post-judgment motions, the court clarified that the 10% interest was a one-time fee and not an accruing interest. The court also granted Fox's motion to use partnership profits to pay his attorneys' fees. Stull appeals the district court's determination that "10% interest" refers to a one-time fee and the award of attorneys' fees. Fox cross-appeals, arguing that the district court erred in not awarding damages for Stull's breach. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Stull argues that the district court's finding that "10% interest" means a one-time 10% fee, as opposed to an accruing interest rate, is not supported by law, common understanding, or the evidence. Because the district court determined that Stull's investment was his initial contribution to the partnership, interest accrued only if provided for by the partnership agreement. *See* Cal. Corp. Code § 16401(a)(1). No party testified during trial as to what "interest" was intended to mean. The evidence in the record does not definitively point to one interpretation

2

over the other and thus the district court did not clearly err in accepting one of two possible interpretations—i.e., that the 10% fee was a one-time charge.

Stull next contends that the district court wrongly awarded attorneys' fees to Fox because Fox "did nothing to preserve the partnership's business or property," but filed a counterclaim merely to remedy a perceived wrong to himself. The district court found that Fox was entitled to attorneys' fees because he "benefited the partnership by establishing its existence and asset ownership despite Mr. Stull's attempts to claim the partnership property as his own. In pursuing that benefit, Mr. Fox incurred attorneys fees to preserve the partnership's business and property." *See* Cal. Corp. Code § 16401(c). The district court did not err in this finding.

Stull also appeals the amount of the attorneys' fee award. The district court explained that it "reviewed the records concerning the hours worked by, and the hourly rates of, Mr. Fox's counsel" and determined that "[t]hose hours and rates are reasonable and consistent with market rates for similarly qualified attorneys." The district court did not abuse its discretion in determining that the number of hours that Fox's attorneys expended in their successful litigation of Fox's claims was reasonable. *See Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1541–42 (9th Cir. 1992), *vacated in part*, 984 F.2d 345 (9th Cir. 1993).

We do have some concern, however, with the award of an "attorney rate" for non-attorney tasks. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989); *Davis*, 976 F.2d at 1543 ("It simply is not reasonable for a lawyer to bill, at her regular hourly rate, for tasks that a non-attorney employed by her could perform at a much lower cost."). But because Stull did not make this objection or point out specific deficiencies in the requested fees below, he forfeited this argument.

In his cross-appeal, Fox argues that the district court erred by denying him additional damages and instead finding that "Fox will be adequately compensated for Stull's breach when the partnership is wound up and he receives his distribution of any profits." Because the winding up of the partnership provides Fox with compensation in an amount that "will compensate for all the detriment proximately caused [by the breach], whether it could have been anticipated or not," Cal. Civ. Code § 3333, the district court did not err.

AFFIRMED.