Filed 6/28/21  SCSA Group v. Worden CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SCSA GROUP, INC. et al., | G058859 |
| Plaintiffs and Respondents, | (Super. Ct. No. 30-2017-00902045) |
| v. | O P I N I O N |
| DEREK WORDEN, | |
| Defendant and Appellant. | |
| DEREK WORDEN, | (Super. Ct. No. 30-2017-00937768) |
| Plaintiff and Appellant, | |
| v. | |
| DAVID DEWYKE, | |
| Defendant and Respondent. | |

Appeal from an order of the Superior Court of Orange County, Craig L. Griffin, Judge.  Affirmed.  Request for judicial notice denied.

Buchalter, Michael W. Caspino, Robert M. Dato and Michael J. Weiler for Defendant and Appellant and Plaintiff and Appellant.

Dykema Gossett, James S. Azadian and Corey L. Webster for Plaintiffs and Respondents and Defendant and Respondent.

\*          \*          \*

Corporations Code[1] section 16401, subdivision (c), obligates a partnership to "reimburse a partner for payments made and indemnify a partner for liabilities incurred by the partner . . . for the preservation of its business or property."  Derek Worden relied upon that statute to seek attorney fees against his partner, David DeWyke, after Worden prevailed against DeWyke on a claim for breach of the partnership agreement.  Worden asserted that because DeWyke had denied the existence of the partnership, Worden's lawsuit establishing its existence operated to preserve the partnership's business.

The trial court denied Worden's motion, reasoning that even if a partner's lawsuit seeking damages against another partner could be construed as an act to preserve—as opposed to reallocate—the partnership's business or property, the statute would obligate only the partnership itself, not another partner, to reimburse the expense of pursuing it.  The partnership was not a party to Worden's lawsuit.[2]

Worden appeals, arguing section 16405, subdivision (b), authorizes a partner to sue either the partnership or another partner to enforce any of the rights set forth in section 16401, and section 16306, subdivision (a), establishes that in any such

_____

[1]     All further undesignated statutory references are to this Code.

[2]     The lead case is entitled SCSA Group, Inc. et al. v. Worden (30-2017-00902045).  Worden thereafter filed suit against Dewyke (30-2017-00937768) (Worden complaint).  SCSA is not a party to the Worden complaint.  The two cases were consolidated by the trial court.

2

action, all partners are jointly and severally liable for the partnership's obligations. We disagree; we therefore affirm the order.

The joint and several liability imposed by section 16306 applies to third party claims against a partnership or partners, not to intra-partner litigation.[3]  Indeed, if such a rule were applied in this case, it would mean Worden could not establish DeWyke's individual liability for the partnership's obligation without confessing his own.

Worden's contention that section 16405 allows a partner to sue either the partnership or another partner to enforce statutory obligations imposed solely on the partnership is unpersuasive because such a rule would nullify other statutes' more specific limitations.  Because the provision of section 16405 that Worden relies on also applies to the rights created by the partnership agreement, Worden's interpretation would also render it impossible for the partners themselves to agree to enforceable distinctions between the obligations of the partnership and individual partners.  There is no indication the Legislature intended to impose such a rule and it is implausible to us that if it had such an intent, it would have done so in such an oblique fashion.

In any event, even if we were to agree that section 16405 authorized a partner to sue another partner individually for enforcement of the partnership's obligation to reimburse expenses under section 16401, we would find no error in the court's ruling which denied attorney fees.  Construing the right of reimbursement to include the recovery of attorney fees incurred by a partner in litigation to establish the existence of the partnership against another partner would create an inherently one-sided fee provision in such cases—the party seeking to establish the partnership would be entitled to recover

---

[3]      Section 16306 is contained within Article 3 of the Uniform Partnership Act of 1994, titled "Relations of Partners to Persons Dealing with Partnership."  Sections 16401 and 16405 are contained in Article 4, titled "Relations of Partners to Each Other and Partnership."

fees if successful, while the party resisting the claim would not. Even where contracting parties agree to such a one-sided provision, our law does not permit it. We decline to create such a rule in partnership disputes.[4]

**FACTS**

Worden and DeWyke were engaged in a business together through entities named D & D Management, Inc. and SCSA Group, Inc. (SCSA). Their relationship broke down and SCSA filed a lawsuit seeking declaratory and injunctive relief, and a restraining order against Worden. The court issued a preliminary injunction in favor SCSA.

Worden then sued DeWyke, alleging they had formed an oral partnership and DeWyke breached their agreement by, among other things, denying the existence of the partnership and refusing to pay Worden his share of the partnership profits. Worden sought damages against DeWyke as a consequence of the breach.[5] He did not name the partnership itself as a party to his complaint. The cases were consolidated and Worden's

---

[4]    DeWyke has requested we take judicial notice of (1) a complaint filed by Worden in another case, in which he named the partnership as a defendant, and (2) the Federal district court's findings of fact and conclusions of law underlying *Stull v. Fox* (9th Cir. 2012) 487 Fed.Appx. 336 (*Stull*), a case Worden relies upon in his opening brief. We deny the request. DeWyke argues the complaint is relevant because it shows Worden "knows how to seek money directly from the partnership but did not do so here." But Worden's subjective knowledge of what the law permits is not at issue. DeWyke also argues the district court's findings of fact and conclusions of law in *Stull* is significant because it discloses that the district court ordered the dissolution of the partnership, rather than an award of personal damages. But the brief appellate court memorandum decision also reveals that the trial court "ordered the partnership wound up [and] Stull to be repaid his advances." (*Id.* at p. 338.)

[5]    Worden's complaint included several other causes of action and alleged that DeWyke had conspired to fabricate assertions of workplace harassment against him to justify forcing him out of the business. The other causes of action were dismissed prior to trial and the jury did not address the merits of those allegations.

4

complaint was tried to a jury. The jury returned a verdict finding in favor of Worden on his claim for breach of the partnership agreement and awarded him $601,078.32 in back profits.

After the jury returned its verdict, Worden's counsel made an ex parte request for appointment of a receiver to manage the partnership business. The court denied the request, explaining there was no evidence that partnership assets were in jeopardy.

Worden also moved for an order dissolving the partnership. After the issue was briefed, the trial court denied Worden's request to convert the case into a partnership dissolution proceeding.

SCSA and Worden stipulated to a judgment on SCSA's complaint for declaratory and injunctive relief. Based on the verdict and stipulation, the court entered judgment and awarded Worden damages in the amount of $601,078.32 against DeWyke; at the same time the court awarded declaratory and injunctive relief in favor of SCSA against Worden. The injunction prohibited Worden from, among other things, coming within 100 feet of SCSA's premises or contacting its officers, directors, employees, and others connected with the business. Worden was also prohibited from holding himself out as being a director, officer, or employee of SCSA, and was required to return any and all property of SCSA. The court declared that Worden was "duly removed as a director and officer of SCSA . . . in accordance with the corporate bylaws."

Following entry of judgment, Worden moved for an award of nearly $1.5 million in attorney fees; he argued fees were recoverable pursuant to section 16401, subdivision (c), on the basis that his lawsuit against DeWyke "preserved the partnership property despite DeWyke['s] repeated attempts and arguments that there is no partnership."

The trial court denied the motion, concluding that section 16401 did not authorize the recovery of attorney fees incurred or expended in litigation between

5

partners to vindicate an individual partner's rights. The court reasoned that the goal of Worden's lawsuit was to seek damages from DeWyke, rather than to preserve partnership property, and also concluded that a provision entitling one party to seek indemnity for costs against another does not extend to the costs incurred in litigation between the two.

## DISCUSSION

1.      *Applicable Partnership Statutes*

The Uniform Partnership Act of 1994 (§§ 16100, et seq., (the Act)) governs California partnerships. Among many other things, the Act provides that a partnership is a distinct entity which can sue and be sued in its own name. (§§ 16201, 16307.) Moreover, a partnership and its partners are not interchangeable for liability purposes, even as against third parties. Under the Act, a judgment creditor of a partnership cannot satisfy his claim against the assets of a partner unless the judgment was also obtained against the partner individually; and even if such a judgment has been obtained, in the absence of an agreement, the creditor still cannot satisfy the judgment out of the partner's personal assets unless it cannot be satisfied out of the partnership's assets. (§ 16307, subds. (c) & (d).)

The Act distinguishes between the obligations owed by partners and the partnership to third parties and the obligations owed within the partnership. Article 3 of the Act (§§ 16301, et seq.) governs the relationships of the partners and partnership to third parties, while Article 4 (§§ 16401, et seq.) governs the relationships of partners to each other and the partnership.

Section 16401, contained in Article 4, lists the amounts each partner is entitled to be credited or charged for in the partner's "account" (§ 16401, subd. (a)) and specifies that a partner is entitled to an equal share of the partnership profits and is chargeable for a share of the partnership losses. (§ 16401, subd. (b).)

6

Subdivision (c) of section 16401—the provision relied on by Worden to support his attorney fee claim—provides that a partner has a right to be reimbursed *by the partnership* for amounts paid or debits incurred "in the ordinary course of the business of the partnership or for the preservation of its business or property," while subdivision (d) requires the partnership to "reimburse a partner for an advance to the partnership beyond the amount of capital the partner agreed to contribute."

The statute states that any reimbursable "payment or advance . . . that gives rise to a partnership obligation under subdivision (c) or (d) constitutes *a loan to the partnership* that accrues interest from the date of the payment or advance." (§ 16401, subd. (e), italics added.)

Other subdivisions of section 16401 describe additional rights of the partners within the partnership, but do not specify the obligors of the duties imposed (§ 16401, subds. (f)-(j)), while subdivision (k) states that the statute "does not affect the obligations of a partnership to other persons under section 16301."

Section 16403 obligates a partnership (but not the partners) to maintain books and records, and to provide them to partners and their agents. It also obligates both the partnership and the partners to furnish information about the partnership's business and affairs to other partners. Section 16404 describes the fiduciary duties owed by the partners to both the partnership and other partners; but it imposes no such duties on the partnership itself.

Finally, section 16405 is the statute Worden relies upon to render the partnership's statutory obligations enforceable against other partners individually. Subdivision (a) of section 16405 authorizes the partnership to enforce the duties owed to it by partners, stating it "may maintain an action against a partner for a breach of the partnership agreement, or for the violation of a duty to the partnership, causing harm to the partnership." (§ 16405, subd. (a).)

7

Subdivision (b) of section 16405 (16405(b)) is the counterpart to subdivision (a).  It authorizes partners to enforce the duties owed to them by either the partnership or other partners, stating in pertinent part that a partner may "maintain an action against the partnership or another partner for legal or equitable relief . . . to do any of the following:  [¶]  (1) Enforce the partner's rights under the partnership agreement.  [¶]  (2) Enforce the partner's rights under this chapter, including all of the following:  [¶]  (A) The partner's rights under Section 16401, 16403, or 16404."  (§ 16405(b).)[6]

2.    *Effect of Section 16405(b) on Distinctions Between Partnership and Partner Obligations*

In denying Worden's attorney fee claim against DeWyke, the trial court concluded that, even assuming the attorney fees incurred to establish a partnership's existence would qualify as an expense incurred "for the preservation of [the partnership's] business or property" under section 16401, subdivision (c), the statute authorizes recovery of such expenses against the partnership only, and not from another partner.

Worden contends the trial court erred in reaching that conclusion because section 16405(b) specifies that a partner can "maintain an action against the partnership *or another partner*" to "[e]nforce the partner's rights under this chapter, including . . . [¶] . . . [t]he partner's rights under Section 16401, 16403, or 16404."  (§ 16405(b) (italics added).)  In Worden's view, this language is intended to confer upon a partner the right to enforce any statutory right conferred under the Act against either the partnership or another partner, without regard to whether the statute creating the particular right is more narrowly drawn.  Stated another way, Worden asserts section 16405(b) nullifies any

_____

[6]    The "chapter" referred to is the entire Act.  (Corp. Code, § 16100 ["This chapter may be cited as the Uniform Partnership Act of 1994"].)

statutory provision in the Uniform Partnership Act of 1994 which limits the obligations owed within a partnership to either the partnership itself or the partners.

We reject Worden's argument. We believe that in section 16405(b) the Legislature intended to establish that some of the rights granted to partners under the Act apply to the partnership itself (e.g., the right to be reimbursed under section 16401, subd. (c)), while others exist against other partners (e.g., the fiduciary obligations defined under section 16404), and others exist against both (e.g., the right to equal management of the partnership under section 16401, subd. (f).) Given the variety of intra-partnership rights established under the Act, we believe the Legislature intended to confer on partners the right to pursue lawsuits to enforce certain rights against the partnership; while at the same time it intended to confer on partners the right to enforce other rights against individual partners.

It is well settled that when a statute is reasonably susceptible of two different interpretations, "[a]n interpretation that renders statutory language a nullity is obviously to be avoided." (*Williams v. Superior Court* (1993) 5 Cal.4th 337, 357.) Instead, "courts should give meaning to every word of a statute and should avoid constructions that would render any word or provision surplusage." (*Tuolumne Jobs & Small Business Alliance v. Superior Court* (2014) 59 Cal.4th 1029, 1038.) In this case, Worden's claimed interpretation of section 16405(b) would nullify all the other statutory provisions which specify that an obligation is owned to a partner by either other partners, or the partnership itself, but not both. We reject that interpretation.[7]

---

[7] Section 16405(b) also applies to a partner's right to maintain a lawsuit to enforce rights established in a partnership agreement. Thus, if we accepted Worden's interpretation of section 16405(b), a partner could elect to file suit against either the partnership itself or another partner individually to enforce any obligations established by a partnership agreement—without regard to whether the agreement itself imposes those obligations on the partnership or on the individual partners. It is difficult to imagine why the Legislature would create such a scheme, and impossible to assume it would have

Worden and the trial court seem to perceive some incongruity between sections 16401, subdivision (c), and 16405(b) because the latter permits a partner to maintain a lawsuit against another partner to enforce rights under 16401, while the former provides no "mechanism for the aggrieved partner to secure reimbursement from another partner."

We find no incongruity there. Section 16405(b) provides an enforcement mechanism—a right to sue—that applies to *all* of a partner's rights under the entirety of the Act (or under the partnership agreement), many of which are defined as obligations owed by other partners directly. The right to sue is not exclusive to the reimbursement right granted under section 16401, subdivision (c). There is consequently no conflict between the two provisions.

Worden also relies on *Stull, supra,* 487 Fed.Appx. 336, as authority for the proposition that section 16401, subdivision (c), authorizes the recovery of attorney fees incurred in a case in which the existence of the partnership is disputed. While we acknowledge that *Stull* (an unpublished, memorandum disposition by the Ninth Circuit Court of Appeal)[8] affirmed the trial court's award of fees based upon the statute, we are not persuaded that ruling supports such a result here.

First, *Stull* provides no support for Worden's contention that a right to reimbursement under section 16401, subdivision (c) could be enforced against an

---

done so without expressly acknowledging this impact on the partners' freedom to contract.

[8]    Under Ninth Circuit Rule 36-3(a), such unpublished dispositions "are not precedent, except when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion." (U.S. Cir. Ct. Rules (9th Cir.), rule 36-3(a).) However, the citation of such a decision does not violate our own prohibition on citation of unpublished decisions, as our rule applies only to California state cases. (Cal. Rules of Court, rule 8.1115; *Landmark Screens, LLC v. Morgan, Lewis & Bockius, LLP* (2010) 183 Cal.App.4th 238, 251, fn. 6.)

individual partner; that case involved the winding up of the disputed partnership and the court ordered that the prevailing party's fees would be paid out of "partnership profits." (*Stull, supra,* 487 Fed.Appx. at p. 338.)  Our case differs.

Moreover, while the panel in *Stull* did uphold the district court's finding that the counterclaimant, Fox, "was entitled to attorneys' fees because he 'benefited the partnership by establishing its existence and asset ownership despite Mr. Stull's attempts to claim the partnership property as his own'" (*Stull, supra,* 487 Fed.Appx. at p. 338), the circumstances were materially different than those present here.

In *Stull*, the plaintiff (Stull) initiated the lawsuit "to recover advances that he made . . . as part of a land development venture that [he] entered into with Fox and a third partner." (*Stull, supra,* 487 Fed.Appx. at p. 337.)  In other words, Stull was attempting to claw back the money he had contributed to the partnership.  His partner, Fox, then counterclaimed to assert *the partnership's* ownership of that asset.  That latter claim arguably meets the test for reimbursement under section 16401, subdivision (c).

In this case, by contrast, DeWyke did not file any lawsuit to preserve the partnership's interest in an asset.  Instead, he sued for damages on his own behalf, seeking a *distribution* of what he claimed were partnership profits.  Consequently, DeWyke is more like the plaintiff in *Stull* than he is like the counterclaimant who was awarded fees.

In any event, the notion that section 16401, subdivision (c), would support an award of attorney fees in any case where a party proves the existence of a disputed partnership as against his opponent is problematic for reasons not acknowledged in *Stull.* First, such an interpretation runs afoul of the Legislature's basic rule that a statutory attorney fee provision must be created "specifically." (Code Civ. Proc., § 1021 ["Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties"]; see *Trope v. Katz* (1995) 11 Cal.4th 274, 278 ["The Legislature

11

codified the American rule in 1872 when it enacted Code of Civil Procedure section 1021"].)

When the Legislature intends to create a statutory right to recover attorney fees in litigation, it does so using express language (see, e.g., Code Civ. Proc., § 1021.5 ["Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest . . . ."]; Civ. Code, § 52, subd. (b)(3) [providing for the recovery of "[a]ttorney's fees as may be determined by the court" in cases involving the denial of civil rights]; and Family Code section 2030 [authorizing an award of need-based "attorney's fees and costs" in marital dissolution cases where "there is a disparity in access to funds to retain counsel"].)

By contrast, section 16401, subdivision (c), makes no reference to any right to recover attorney fees incurred in litigation establishing the existence of a partnership. It consequently does not comply with the description of a statutory fee provision set forth in Civil Code section 1021.

Additionally, as interpreted by Worden, this provision would create a unilateral opportunity to recover fees in what is essentially a contractual dispute—i.e., the party claiming the existence of the partnership agreement would be entitled to recover fees if he or she prevails, while the party denying its existence would not.

That interpretation would be inconsistent with the rule established in Civil Code section 1717, subdivision (a), which states that even in cases where contracting parties themselves *agree* to make an attorney fee provision one-sided, the provision will nonetheless be construed as operating in a bilateral fashion.[9]

---

[9] Civil Code section 1717, subdivision (a), states that "[i]n any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the

12

It is of course not unheard of for the Legislature to grant a right to recover attorney fees to only one side of a contractual dispute, for a public policy reason.  For example, when an employee sues an employer for wage violations under section 1194 of the Labor Code, the successful claim will include the right to recover reasonable attorney fees, while an employer who succeeds in defending such a claim will have no such right.[10]  (See *Bell v. Farmers Ins. Exchange* (2001) 87 Cal.App.4th 805, 829 [describing Labor Code section 1194 as "a 'one-way' fee-shifting statute, which gives employees the right to recover reasonable attorney fees in a successful suit for overtime compensation, without giving employers any corresponding right in the event of a successful defense of an employee suit" ].)

But such a right is not created without an explanation.  For example, in *Earley v. Superior Court* (2000) 79 Cal.App.4th 1420, 1428, the legislative history of the 1991 amendment of Labor Code section 1194 reveals that the unilateral attorney fee provision was added to provide a "'needed disincentive to violation of *minimum* wage laws.'"

In this case, Worden implies the Legislature intended to create a similar unilateral fee provision applicable to partnership disputes, but did so while never using the words "attorney's fees," and without providing any explanation for doing so.  We decline to construe section 16401, subdivision (c), as creating a unilateral right to recover attorney fees in such a dispute.

---

contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

[10]     The attorney fee provision is Labor Code section 1194 is also stated in clear fashion:  the statute provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, *reasonable attorney's fees*, and costs of suit." (Italics added.)

For the foregoing reasons, we find no error in the decision to deny Worden's motion for attorney fees in this case.

**DISPOSITION**

The order is affirmed.  DeWyke is to recover his costs on appeal.


GOETHALS, J.

WE CONCUR:


O'LEARY, P. J.


THOMPSON, J.